

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0265-09

**VICKIE LASHUN TOLBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion.**

The question here is pretty basic: who gets to decide the defendant's theory of the case? The Court says the defendant does; Judge Johnson says the trial judge does. I'll go with the Court.

This is an important case, because what is at issue is who has the right to decide what theories go to the jury. If we were to hold that the judge erred in failing to include an instruction on murder here, we would be telling judges to include lesser-included-offense instructions regardless of whether the parties want them. We could do that, but it would be something new, it is not required by the law, and, on top of that, it is a bad idea.

Under Judge Johnson's opinion, the next time a defendant wants to go for broke, as Tolbert

did here, the judge would have to give the charge on murder anyway. Even if the defendant objected, the judge would have to give it.

This case is not like *Bluitt* because *Bluitt* didn't involve strategy. The jury charge in that case did not include an instruction on the burden of proof for extraneous offenses. If there were ever a case in which a defendant could benefit from the lack of such an instruction, then *Bluitt* might be relevant to this case. But we correctly assumed in *Bluitt* that strategy was not an issue to be included in our analysis.

I agree with the Court, and with Professors Dix and Dawson, that "because of the strategic nature of the decision, it is appropriate for the trial court to defer to the implied strategic decisions of the parties by refraining from submitting lesser offense instructions without a party's request."

I join the opinion of the Court.


FILED: March 17, 2010
PUBLISH